UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**GREGORY LAMONT PHILLIPS,**<br><br>Defendant. | **Case No. 25-MJ-186** |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States respectfully submits this memorandum in support of its oral motion for detention pending trial under 18 U.S.C. § 3142(f)(1)(E) (Felony Involving Possession or Use of a Firearm), as the Defendant, Gregory Lamont Phillips, is charged with violating 18 U.S.C. § 922(g)(1) (felony involving possession of a firearm). The Defendant stands before this Court charged with illegally possessing a Glock handgun with a thirty-one-round magazine, loaded with thirty-three rounds of ammunition. The Defendant possessed this firearm despite having been recently convicted of Carrying a Pistol Without a License.[1] The Defendant was only on supervision for that offense for seven months before being arrested on another firearms offense. With this newest offense, the Defendant consciously chose to continue endangering the community with his illegal firearm possession, and to willfully violate his court supervision. Accordingly, the Court should detain the Defendant pending trial.

The United States requests that the Court consider the following points and authorities, as

---

[1] District of Columbia, Superior Court, 2024-CF2-010247 Carrying a Pistol Without a License (Sentenced to one year of confinement, one year suspended, and eighteen months of supervised probation).

well as other information presented at the detention hearing, and order the Defendant to be detained pending trial.

## PROCEDURAL HISTORY

On August 27, 2025, the United States filed a complaint charging the Defendant with Unlawful Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). On August 28, 2025, an initial appearance was held before the Honorable Magistrate Judge Zia M. Faruqi. After the United States made a motion for pretrial detention, the Court set the detention hearing for August 29, 2025.

## FACTUAL BACKGROUND

On August 27, 2025, at approximately 1:17 AM, Metropolitan Police Department (MPD) Officer Thomas Schemmel and MPD Officer Anthony Willis, in full uniform, were patrolling the 3600 block of Jay Street NE in Washington, DC, operating an unmarked MPD cruiser. The officers were aware that in the past thirty days, Shotspotter had detected numerous sounds of gunshots I the Mayfair Paradise area, which includes the 3600 block of Jay Street NE.

The officers observed a vehicle parked with lights on and the engine running in the rear of 3697 Jay Street NE. The officers observed that the vehicle was occupied by an individual, later identified as the Defendant, in the front passenger seat. As the officers approached, the Defendant rolled down the window. The officers observed that the Defendant was smoking a hand-rolled cigarette. There was no one else in the vehicle.

Officer Schemmel and Officer Willis made contact with the Defendant. Officer Schemmel and Officer Willis observed that the hand-rolled cigarette was actively burning and there was white smoke in the vehicle. Officer Willis detected an odor consistent with marijuana emanating from the vehicle.

Officer Schemmel reached into the vehicle through the open window and opened the door, directing the Defendant to step out of the vehicle in order to effectuate an arrest pursuant to D.C. Code § 48-911.01(a)(2). The Defendant did not step out of the vehicle and asked to call his girlfriend. Officer Schemmel told the Defendant to put the phone down. The Defendant then quickly got into the driver's seat and attempted to flee from law enforcement. Officer Willis could hear that the Defendant was pressing his foot on the gas pedal because the engine was revving. Officer Schemmel was able to prevent the gear shift from being placed into drive and was then able to take the keys out of the ignition. Other federal agents then deployed their tasers in order to safely detain the Defendant.

The Defendant was placed under arrest for Public Consumption, in violation of D.C. Code § 48-911.01(a)(2), and Resisting Arrest, in violation of D.C. Code § 22-405.01. During the search incident to arrest, the Defendant spontaneously stated, "It's right there! It's right there! It's right there!" Officer Willis then conducted a protective pat down of the Defendant's front waistband area and felt what he immediately knew to be the handle of a firearm.



*Figure 1 – Firearm recovered from PHILLIPS' front waistband area.*

Officer Schemmel recovered the firearm, which was later determined to be a Black Glock 9mm firearm with serial number LZR933. There were zero rounds of ammunition in the chamber and 33 rounds of ammunition in a 31-round large capacity feeding device (two extra rounds were in the device).

## ARGUMENT

Under the Bail Reform Act, if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community," the Court shall order a defendant held pending trial. 18 U.S.C. § 3142 (e). The Act provides however, for certain crimes, that there is a rebuttable presumption that no conditions or combination of conditions will assure the safety of the community. *Id.*

In determining whether any condition or combinations of conditions will assure the safety

of the community, in light of any applicable presumptions, the Court weighs four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. 18 U.S.C. § 3142(g).

In making this determination, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted, and the United States may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the United States is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *see also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues. *See Smith*, 79 F.3d at 1210; *Williams*, 798 F. Supp. at 36.

The United States seeks detention pursuant to 18 U.S.C. § 3142(f)(1)(E) (felony involving a firearm). A review and understanding of the facts and circumstances in the instant matter demonstrates that there are no conditions or combination of conditions that would ensure the Defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(e)(1).

### I. The Nature and Circumstances of the Offense Support Detention.

The first factor to be considered, the nature and circumstances of the offense charged, weighs in favor of detention. The Defendant is charged with a serious offense carrying a significant penalty. For violating 18 U.S.C. § 922(g), the Defendant faces a maximum sentence of up to 15 years imprisonment pursuant to 18 U.S.C. § 924(a)(8). Here, the evidence is clear that the

Defendant carried a loaded firearm concealed in his waistband. The status of the weapon when it was found is further cause for concern. The firearm had an extended thirty-one-round magazine, loaded with thirty-three rounds of ammunition. The presence of an extended magazine should cause serious concern for the Court on whether the Defendant is a danger to the community.

This offense initiated with the Defendant's refusal to comply with law enforcement. Specifically, the Defendant was asked to step out of the vehicle and did not comply. The Defendant then quickly got into the driver's seat of the vehicle and attempted to flee law enforcement. What is particularly concerning is that officers could hear the vehicle revving from the Defendant's foot was on the gas pedal while officers were attempting to prevent the gear shift from being moved. Multiple officers were surrounding the vehicle at that time, and the Defendant's actions put those officers at risk of serious bodily harm from being potentially ran over by the Defendant's vehicle.

## II. The Weight of the Evidence Against the Defendant is Strong.

The second factor to be considered, the weight of the evidence, also weighs in favor of detention.[2] The Government's case against Defendant is strong. The instant offense was captured fully on body worn camera and the firearm itself was found in the Defendant's waistband. Additionally, the Defendant directed officers to the location of the firearm once he was detained. Therefore, the strength of the evidence against Defendant weighs in favor of detention.

---

[2] This factor should be equally weighed. In *United States v. Blackson*, following a thorough review of the text of § 3142 and decisions analyzing this factor, then Chief Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors." No. 23-CR-25, 2023 WL 1778194, at *8 (D.D.C. Feb. 6, 2023). Instead, "the weight of the evidence against [a] defendant [should] be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate." *Id.* at *10. In an unpublished opinion, the D.C. Circuit affirmed Judge Howell's decision. *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). The Second Circuit reached the same decision after a thorough and careful analysis of the issue. *United States v. Zhe Zhang*, 55 F.4th 141, 149-150 (2d Cir. 2022). The Court should follow *Blackson* and *Zhang;* this factor should be given no less weight than any other factor.

### III. The Defendant's History and Characteristics Merit Detention.

The third factor, the Defendant's history and characteristics, weighs in favor of detention. The Defendant was recently convicted in Superior Court of Carrying a Pistol Without a License. According to the Proffer of Facts filed in that matter (2024-CF2-010247):

> [I]n the early evening of October 10, 2024, the defendant was driving northbound on Georgia Avenue NW, Washington D.C. After observing a traffic violation, officers with Metropolitan Police Department stopped the defendant. After the defendant exited the car, and as police began to search the vehicle, the defendant told police he had a firearm in the glove box. In the glove box, police found a Smith & Wesson SD40VE .40 caliber firearm bearing serial number DXA8094, loaded with 1 round in the chamber and 9 in the magazine.

The Defendant's current offense demonstrates not only a pattern of illegal gun possession but an escalation in dangerous behavior. In 2024, the Defendant's firearm was loaded with ten rounds of ammunition. In the present case, the Defendant was in possession of a firearm with an extended magazine loaded with thirty-three rounds of ammunition.

Additionally, the Defendant was on probation for his 2024 conviction when he committed the present offense. According to the Defendant's Pretrial Services Report (PSR), the Defendant failed to comply with the Violence Reduction Program as part of his probation and failed to report for drug testing on one occasion. According the PSR, the Defendant was only described as being "somewhat compliant" with the terms of his probation even before the present offense. That should give this Court serious pause that the Defendant will comply with conditions of release.

### IV. The Defendant Presents a Danger to Our Community.

The fourth and final factor, the danger to any person or the community posed by Defendant's release, similarly weighs in favor of detention. Despite knowing he was a convicted felon, Defendant possessed a firearm, with an extended magazine. *See United States v. Gassaway*, 1:21-cr-00550 (RCL), ECF No. 9 (D.D.C. Sept. 16, 2021) ("This Court agrees with other courts

in this district that unlawfully carrying a concealed or loaded firearm in public poses a risk of danger to the public."); *see also United States v. Washington*, 907 F. Supp. 476, 486 (D.D.C. 1995) ("[P]ossession by a felon of a fully loaded semi-automatic pistol suggests that the defendant presents an extreme safety risk to the public.").

The Defendant's willingness to repeatedly carry firearms and his willingness to attempt to flee from law enforcement—causing a serious risk of danger to law enforcement—demonstrates the danger he poses to the community. Therefore, this factor weighs in favor of detention.

## CONCLUSION

For all the foregoing reasons, the Government respectfully requests that the Court detain the Defendant pending trial on these charges.

Respectfully submitted,

JEANINE FERRIS PIRRO

UNITED STATES ATTORNEY

By:   */s/ Jessica Bove*
      Jessica Bove
      Assistant United States Attorney
      PA Bar No. 328892
      601 D Street NW
      Washington, DC 20579
      (202) 252-7566
      Jessica.Bove@usdoj.gov